UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MICHAEL E. CAREY : CHAPTER 13
    Debtor :
     :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
    Movant :
     :
vs. :
     :
MICHAEL E. CAREY :
    Respondent : CASE NO. 4-23-bk-02191

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 26th day of November, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

   a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in his schedules – CMA requested or mark as 100% plan.

2. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

   a. Plan ambiguous – payment.

3. Trustee avers that debtor(s)' plan cannot be administered due to the lack of the following:

   a. The debtor has not provided to the Trustee copies of 2022 Federal Income Tax returns as required by § 521(e)(2)(A).

4. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

   a. Failure to use the Model Plan as adopted by the Court. Did not use required form per local rules.

b. Clarification of vesting of property. Because non-exempt equity exists, the plan should provide for vesting at closing. Accordingly, the plan violates § 1325(a)(4).

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:  /s/Douglas R. Roeder
     Attorney for Trustee


CERTIFICATE OF SERVICE

AND NOW, this 6th day of November, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Michael Carey
150 Big Pine Lane
Jersey Shore, PA   17740

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee