B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MICHAEL E CAREY | **DEFENDANTS** TOWD POINT MORTGAGE TRUST 2020-1, US BANK, N.A. AS INDENTURE TRUSTEE, SELECT PORTFOLIO SERVICING, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>KML LAW GROUP P.C. 701 MARKET STREET, SUITE 5000 PHILADELPHIA, PA 19106, 866-413-2311 |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

NO CAUSE OF ACTION LEGAL STANDING AS A CREDITOR, NOT PROVIDING ACCOUNTING AND IN VIOLATION OF UCC 3-501, IRS VIOLATION WHEN THE ASSETS WERE DEPOSITED INTO THE TRUST YEARS LATER AND AFTER THE TRUST CLOSING DATE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ ∅ |

**Other Relief Sought**
DECLARATORY JUDGMENT, ORDERS US DEFENDANT TO PROVIDE PROOF OF LEGAL STANDING COLLECTING ON A DEBT AND FILE LEGAL PLEADINGS DISCOVERY NECESSARY

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR MICHAEL E CAREY | | BANKRUPTCY CASE NO. 23-02191 | |
| DISTRICT IN WHICH CASE IS PENDING PA | | DIVISION OFFICE MIDDLE | NAME OF JUDGE CONWAY |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF MICHAEL E CAREY | DEFENDANT TOWD POINT MORTGAGE TRUST 2020-1, US BANK, NA AS INDENTURE TRUSTEE, SELECT PORTFOLIO SERVICING, INC | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING PA | | DIVISION OFFICE MIDDLE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Michael E Carey* | | | |
| DATE 10/24/2023 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) MICHAEL E CAREY | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227


**UNITED STATES BANKUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------x

IN RE:                                    Case Number: **23-02191**

MICHAEL E CAREY,

      Debtor                       Judge: Hon. Mark J Conway

-------------------------------------------------------------x

MICHAEL E CAREY,

      Plaintiff,                    Adversary Case No._____

vs.

TOWD POINT MORTGAGE TRUST 2020-1,
US BANK NATIONAL ASSOCIATION AS
INDENTURE TRUSTEE, SELECT PORTFOLIO          **VERIFIED COMPLAINT**
SERVICING, INC.,

      Defendants.

-------------------------------------------------------------x


Plaintiff Michael E Carey states the following to be true:

*Parties:*

Plaintiff Michael E Carey is residing at 150 Big Pine Lane, Jersey Shore, PA, 17740, phone number 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.

1

Defendant Towd Point Mortgage Trust 2020-1 is the alleged secured creditor residing and doing business in the State of Delaware. The entity is using the servicers address 3217 S Decker Lake Drive, Salt Lake City, UT, 84119. The entity can be reached by phone on 1-800-258-8602.

Defendant US Bank National Association as Indenture Trustee residing and doing business in the State of Delaware. The entity is using the servicers address 3217 S Decker Lake Drive, Salt Lake City, UT, 84119. The entity can be reached by phone on 1-800-258-8602.

Defendant Select Portfolio Inc is the servicer of the alleged loan and is residing and doing business in the State of Utah. The entity is using the address 3217 S Decker Lake Drive, Salt Lake City, UT, 84119 or P.O. Box 65450, Salt Lake City, UT, 84165-0450. The entity can be reached by phone on 1-800-258-8602.

Introduction:

The Plaintiff Michael E Carey herewith challenges the alleged creditor's legal standing and cause of action to collect on a debt or file pleadings in this court. The reasons are simple. With certified letter to all three above-named defendants, plaintiff requested fully accounting for the alleged loan from the beginning the alleged loan was given. Moreover, Plaintiff requested under UCC 3-501 for the inspection of the original note and the original security instrument. Additionally, certain laws were violated when the loan documents allegedly were executed. It appears also that this loan is a predatory loan. Further the Trust cannot own the loan in question because the Assignment was made in 2023 and the Trust's Closing Date was in 2020. Further since the alleged loan was given the principal

balance exceeded the initial loan balance of $39,000. It appears also that the original note is missing. The alleged secured creditor provided only what it appears a security instrument.

Facts:

1. Plaintiff is questioning the alleged secured creditor and above-named defendants of their legal standing to file any pleadings in this court or collect on an alleged debt.'
2. There is no judgment, nor summary order/decision against debtor/plaintiff.
3. Select Portfolio Servicing sent some Statements and copy of a Home Equity Agreement allegedly purporting that this Agreement is the Note and the Security Instrument.
4. They also stating that no alleged Assignment is recorded or made until a lien is paid in full. Such Statement is absurd.
5. A valid Assignment is a must for every creditor to have legal standing to collect on a debt or file any pleadings in court. Moreover, The Assignment is necessary for any Closing of any Trust Account for the Transfer of Assets into a Trust Account or here the alleged Towd Point Mortgage Trust 2020-1. Is this Assignment missing then the Trust doesn't own the Asset pursuant to IRS Rules and State Law Trust Rules.
6. The Defendants cannot completely validate the debt as stated above.
7. Plaintiff, Michael Carey mailed a certified letter titled "Notice" to all three defendants. Said letters were received by all Defendants on September 5, 2023.

3

8. In the above-named letter, the plaintiff requested the following:
   a) Verify the debt pursuant to 15 U.S.C. Section 1692 – 1692p.
   b) Request complete statement of accounting for this loan.
   c) Violations of TILA, RESPA, etc.
   d) Inspection of the note and security instrument in presence of a handwriting expert.
   e) All documents of transfers from the loan originator to the actual holder or owner of the loan note today.
9. Further, it emerged that the secured creditor is only in possession of an alleged at it seems security document. The note is missing or not being provided, although the servicer claims to be in possession of the original note and Home Equity Security Agreement and stated that the document can be inspected in their offices by calling 866-662-0035. The copies provided are dubious and could present spoliations or alterations of the original documents.
10. Additionally, the Towd Point Mortgage Trust 2020-1 closed in 2020 in a Settlement.
11. This Settlement is the date, when the above-named Trust closes. An Assignment emerged on record shows clearly that the Trust received the alleged loan note and security instruments and other necessary documents of transfers in 2023, years after the Trust closed. Select Portfolio Servicing Inc and defendant stated the opposite that no Assignment existed.
12. IRS regulations mandates Trusts to transfer all assets prior or on the Trust Closing Date. The 2023 Assignments shows violations of IRS rules and the fact that the Trust as of today is not fully in possession of the original note

4

and security instruments along with Alonge, Assignments and other Transfer Documents.

13. On 10/3/2023, an entry of Appearance was made by Michael Patrick Farrington of KML Law Group, P.C. (Doc. 11) on behalf of Towd Point Mortgage Trust 2020-1, US Bank National Association as Indenture Trustee.

14. It appears also that an Indenture Trustee has only Limited Jurisdiction and is unclear if this Trustee can or is permitted to prosecute the interests of the Trust in Foreclosure Actions or in Bankruptcy Proceedings.

15. The Equity Security Agreement fails to state clearly that the instrument is the Note.

16. The Servicing Agreement between the Servicer and the alleged Trust in question is only valid if the Trusts fully owns the Asset, which here is being questioned.

17. Pursuant to the Statement it shows clearly that the consumer is paying only the interest not really the principal balance down. The original Lender Santander bank is known for predatory loans where a consumer is paying only the interest of the loan and not the principal balance down. In fact, they all sell their Assets as here to a successor here Towd Point Mortgage Trust 2020-1, which in return increases the interests and adding those interest payments, fees and differences at the back of the principal balance, this to increase the debt.

## Conclusion:

5

Plaintiff requests a Declaratory Judgment against the Defendants, because they are unable to show their legitimacy, validation of the alleged debt, and legal standing to file pleadings nor to collect on an alleged debt. Further their Account Statement are misleading, incomplete and fails to give a complete understanding of accounting from the begin the loan note and security instrument were executed and the alleged Modification Agreement are not legible and or being pulled from a computer. This fact establishes that the alleged document Select Portfolio Servicing possess are copies of some sort of copies taken from a computer hard Drive or Folder. The Defendants and/or Select Portfolio allegations to be in possession of the original Note and original Home Equity instrument are not credible, they are based of assumptions of being in possession of the instruments when in fact the copies of instruments provided are copies of copies or some sort from a computer system. It is paramount for every lender and servicer to be in possession of the original instruments, especially in foreclosure actions or in bankruptcy actions. Their response and allegations are unverifiable, misleading for every consumer and the only way to determine the authentication of the instrument is a personal inspection of said original document in the presence of a handwriting expert.

**WHEREFORE,** Plaintiff Michael E Corey requesting Declaratory Judgments and Orders to all Defendants to:

a) Provide plaintiff with complete accounting or statements of account for the alleged loan note and account.

6

b) Make available for inspection the original note and security instrument and in the presence of a handwriting expert and scheduling an inspection date and time at the Bank's Vault or law offices of the representative of the alleged Defendants and secured creditors.

c) Make available all original Assignments, Modifications, Alonge, and other Transfer Documents for inspection and

d) all relevant Documents pertaining this loan note, when the Trust closed, and Asset being deposited being provided as well for inspection.

e) Reevaluate through an expert and lawyer to review the closing of the Home Equity Loan and the compliances with TILA/RESPA, State and Federal Laws.

Failure to comply with those above-named Requests, declaratory Judgment, Orders is resulting in a Main Declaratory Judgment against all three Defendants and alleged secured creditor that the alleged secured creditor rescinded its claim and interest and have no cause of action and/or legal standing to file any pleadings in this court nor collect the alleged debt.

Dated: October 26, 2023

Respectfully Submitted

*Michael E Carey*

Michael E Carey

**FORM C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF:
Michael E Carey )
 )  Chapter: 13
 )
 )  Case Number: 4-23-bk-02191
 )
DEBTOR(S) )

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on 11-13-2023, I served a copy of Amended Ch 13 Plan, Notice of Ch 13 Case, Matrix, Sched A/B, C, D, E/F, I, J, 107, 122C1 on the following parties in this matter:

| Name and Address | Mode of Service |
|---|---|
| Jack N Zaharopoulos, Standing Ch 13 Trustee<br>8125 Adams Drive, Suite A<br>Hummelstown, PA, 17036 | regular priority mail tracking |
| KML Law Group, PC,<br>701 Market Street, Suite 5000<br>Philadelphia, PA, 19106 | regular priority mail tracking |
| Capital One NA by American Source as Agent<br>4515 North Santa Fe Avenue, Oklahoma City, OK, 73118 | regular priority mail tracking |
| Merrick Bank<br>PO Box 9201<br>Bethpage, NY, 11804 | regular priority mail tracking |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

Date: 11/13/2023

Name: s/ Michael E Carey   x *[signature] Michael E Carey*
*Printed Name of Attorney*
Address: 150 Big Pine Lane

Jersey Shore, PA, 17740

Revised: 03/22/05