Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227



**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OFPENNSYLVANIA**

-----------------------------------------------------X

In Re:  Case No. **4:23-bk-02191**

Michael E Carey, Chapter 13

                Debtor.

Jack N Zaharopolous
Standing Chapter13 Trustee,

                Movant,

vs.

Michael E Carey,

                Respondent.

-----------------------------------------------------X

**DEBTOR'S OBJECTIONS AND COUNTER-MOVANT TO STANDING CHAPTER 13 TRUSTEE AS THE MOVANT'S ALLEGED OBJECTING TO DEBTOR'S ORIGINAL CHAPTER 13 PLAN AND THEN AMENDED CHAPTER 13 PLAN AND REQUESTING AN ORDER FROM THIS COURT TO ACCEPT THE AMENDED CHAPTER 13 PLAN TEMPORARELY UNTIL SOME ACCOUNTING, STANDING, ETHICAL, CONFLICT OF INTEREST AND ADVERSARY PROCEEDING BEING FULLY DECIDED AND MITIGATED, ESPECIALLY THE FALSE ACCOUNTING IN STATEMENTS, PROOF OF CLAIM THE LENDER'S VIOLATION OF UCC 3-501 AND INFLATING FOR ILICIT**

1

PROFITS THE MONEY OWED TO SECURED CREDITOR TOALMOST THE DOUBLE OF THE AMOUNT OWED AND THE REQUEST OF THE MISSING ORGINAL NOTE TO THE ALLEGED SECURITY INSTRUMENT FILED WITH THIS COURT AS A PROOF OF CLAIM.

The Debtor requests a Hearing for the 24t of January 2024 at 10:00 AM at the United State Bankruptcy Court at 197 S Main Street, Wilkes-Barre PA. 18701. The Debtor as the Respondent and Counter-Movant and Plaintiff in the open Adversary Proceeding **4:23-ap-00077** states the following to be true:

### *Facts*

1. Trustee's objections under 11 U.S.C. section 1325(a)(4) to the debtor's amended plan is inapplicable and premature. This is a chapter 13 case not a chapter 7 case and until the debtor does not convert to a chapter 7 case, it should not be discussed or mitigated a solution in a chapter 13 case regarding distributions of debts under a chapter 7 case also for the fact that may the chapter 13 trustee is not the same trustee as in a chapter 7 case.
2. The equity of the property and value of the property is a factor which resulted with many different evaluations of the property and the debtor used available evaluations from licensed real estate professionals including the evaluation sent to the Chapter 13 Standing Trustee Jack N Zaharopolous, Esq.
3. Since the filing of the bankruptcy petition the Debtor did make monthly mortgage payments and arrear payments to the Chapter 13 Standing Trustee and paying the Trustee's fees of 8 %. **Exhibit A**

2

Case 4:23-bk-02191-MJC    Doc 37    Filed 12/28/23    Entered 12/28/23 15:15:25    Desc
Main Document    Page 2 of 7

4. Since the filing of the bankruptcy petition the secured creditor and its counsel never objected to any plan the Debtor made and filed with this Court.
5. Since the filing of the Adversary Proceeding and Complaint the secured Creditor and its Counsel were properly served and never to this date filed an answer or pleadings to the facts stated in the debtor's verified complaint.
6. Said Complaint included the inflated, false, inaccurate accounting of debtor's account. **Exhibit B**
7. The monthly Statements from 2019 through 2023 do not support the filing of the alleged open arrears of $15,150.09 and alleged by the Chapter 13 Standing Trustee Jack N Zaharopolous. Said amount is also not verifiable in the accounting. **Exhibit C**
8. The Secured Creditor's Statement produced in the Superior Court back on July 23, 2023, is also different from the one filed in this Court and inflated. **Exhibit D**
9. The Secured Creditor's Proof of Claim of $38,630.06 is inaccurate based on the monthly Statements received prior to the bankruptcy petition, which show different figures. **Exhibit E**
10. The Statement filed by alleged Secured Creditor is ambiguous, not credible and does not support the monthly mortgage statements. Especially the different amounts regarding the estimated and current amounts of taxes are unverifiable and unsupportive. **Exhibit F**
11. Said Proof of Claim was not mailed nor notified to the Debtor or as soon as the bankruptcy petition was filed by debtor. The alleged secured creditor

Select Portfolio Servicing through its counsel filed the Proof of Claim, See Certificate of Service, which does not name the Debtor's name only Pro Se. **Exhibit G**

12. This fact Leeds to believe that the Chapter 13 Standing Trustee and elected, appointed and Officer of the US Government Judicial Branch is doing work and business for KML Law Group, PC, which has a track record of decades of shoddy foreclosure actions in Pennsylvania and Tri-State area. Debtors ask himself why KML Law Group PC needs to have the US Trustee or Chapter13 Standing Trustee Jack N Zaharopolousas as a additional counsel to do the work for the Secured Creditor or is there a special friendship between Brian C Nicholas of KML Law Group PC and the Chapter 13 Standing Trustee Jack N Zaharopolous. If so, and it shows already a conflict of interest and an ethical violation.

13. On 11/21/2023 Debtor filed an Adversary proceeding vs Towd Point Mortgage Trust 2020-1 et al. KML Law Group and the alleged Secured Creditor were properly served. **Exhibit H**

14. On September 5, 2023, was delivered a Notice to the alleged secured creditor and parties pursuant to n15 U.S.C. section 1692 - 1692(p) requesting the inspection of the original note and original mortgage. **Exhibit I**

15. Said inspection is pursuant to UCC 3 -501, which states clearly to provide those documents for inspection. Nor the secured creditor nor its attorneys of KML Law Group, PC produced the original documents. The acts also state that if a Lender doesn't follow the request the borrower/debtor is authorized to withhold any mortgage payments until the original

4

documents are produced. The Notice sent by certified mail also stated accounting problems or differences in accounting figures for this Home Equity Line of Credit Agreement or Security Agreement for $39,000.00 signed in favor to Sovereign Bank on August 24, 2009. **Exhibit J**

## *Conclusion*

16. The above-named facts and different accounting speak for himself. There are differences in figures, not differences of hundreds of dollars but thousands.
17. Those inflated figures are unjustly enriching an alleged lender, which is an unknown entity a "shoddy shell corporation" hard to track and who is the real party of interest in this alleged loan note. Said issues must be solved in this court or this court grants that the Debtor can initiate several actions in Federal Court for several federal violations Fair Debt Reporting Act, fair Debt Collection Act, Complaints by the Securities Exchange Commission and the IRS-CID for Tax Evasion or false Reporting for the alleged Trust.
18. Debtor since the filing of the bankruptcy petition paid to the US Trustee arrear and fee payments and paid or restarted to make monthly mortgage payments of $591.75directly to Select Portfolio Servicing.

**Wherefore**, Debtor, Counter-Movant is requesting from this Court to:

a) To keep the first amended chapter 13 Plan temporarily in place and Debtor continues to make monthly payments as stated in the Plan

5

Case 4:23-bk-02191-MJC    Doc 37    Filed 12/28/23    Entered 12/28/23 15:15:25    Desc
Main Document    Page 5 of 7

b) Order secured creditor and its counsel to produce the original note and security instrument for inspection.

c) Order secured creditor to provide in presence of tax and accounting experts correct reliable accounting for the debt.

d) Cancel, strike filed by KML Law Group PC Proof of Claim and the alleged $15,150.09, because it is a fictitious figure not supported by the monthly mortgage/account Statements.

e) Order Debtor to file an Second Amended Chapter 13 Plan once all Accounting, Legal Standing, Conflict of Interest/Ethics, UCC 3 – 501 or any other issues are resolved and ordered by the Court.

f) Or any Order that the Court seems just and proper.

Respectfully Submitted

December 20, 2023

*Michael E Carey*

Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227

## CERTIFICATE OF SERVICE

I Michael E Carey mailed the foregoing Debtor' Objection and Counter-Movant to *Chapter 13 Standing Trustee's Objections to Debtor's First Amended Plan by USPS* certified Mail on December 20, 2023, to:

- Jack N Zaharopolous, Esq., Chapter 13 Standing Trustee, 8125 Adams Drive, Hummelstown, PA, 17036
- KML Law Group, PC, 701 Market Street, Suite 5000, Philadelphia, PA, 19106

Respectfully Submitted

Dated: December 20, 2023

*Michael E Carey* (signature)

Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227

7