Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227



# UNITED STATES BANKUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------X

IN RE:  Case Number: **23-02191**

MICHAEL E CAREY,

      Debtor  Judge: Hon. Mark J Conway

------------------------------------------X

Debtors Michael E Carey Objections to US Trustee's Objection to 3rd Chapter 13 Plan

Debtor Michael E Carey states the following to be true:

1. Debtor does not have any concrete liable verifiable accounting of Secured Creditor.

2. Said amounts vary from $7,000 to $38,981 but the maximum owed amount is from $ 7,000 to $ 16.000. But all those amounts are not verifiable. The statement from its servicer SPS is not accurate and presents inflated amounts and amounts exceeding usury laws in the State of Pennsylvania.

1

3. The alleged debt account was an Open-End-Mortgage Loan which should have decreased not increased and added fees and interest rates above 18%.
4. Debtor in its 3rd Chapter 13 Plan used a middle amount between $8,000 and $16,000 which is $11,000.
5. Said amount should be accepted as a temporary Plan and amount owed.
6. If the amount would be $22,000 or $28,000 or $38,900 then it would violate usury laws and debtor would pay more than the initial loan given in 2009.
7. Further for the fact that this loan does not have a Note than the debt becomes an unsecured debt.
8. Debtor's Chapter 13 Plan is designed to pay in the Chapter 13 Plan the outstanding Debt between $7,000 and $ 16,000 maximum if the outstanding amount is proven by alleged secured creditor. Then Outside the Plan is the amount that Debtor continues to pay for the alleged secured creditor if the outstanding balance can be verified.
9. Debtor filed an Adversary Complaint against alleged Secured Creditor which is open and in Discovery.
10. To this date the alleged secured creditor is not able tor proof the amount which is owned by the debtor nor if the debt is secured or unsecured because the Note does not exist.
11. The US Trustee is acting or representing the alleged secured creditor which never filed any pleadings. It is prejudiced biased that a US Trustee is representing Creditors but not protecting Debtors and

asking more and higher not feasible payments from Debtor punishing Debtors by violating the United State Constitution for double punishment because Debtor inflated requested payments are an additional punishment for Debtors.

12. The US Trustee cannot request dismissal nor convert to Chapter 7 if the Debtor filed a Adversary Proceeding against Secured Creditor.

Wherefore, Debtor request from the Court to order an INTERIM Chapter 13 Plan until the Adversary Proceeding is resolved.

Respectfully Submitted

Dated: March 6, 2024

*Michael E Carey* (signature)

Michael E Carey

3

Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227

# UNITED STATES BANKUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------x

IN RE:                                    Case Number: **23-02191**

MICHAEL E CAREY,

       Debtor                         Judge: Hon. Mark J Conway

---------------------------------------------x

I HEREBY CERTIFY that on February 19, 2024, the foregoing Debtor's Objection to US Trustee Objection for the 3rd Chapter 13 Plan was mailed by USPS regular mail on March 6, 2024 to:

1. Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 13010 Morris Road, Suite 450, Alpharetta, GA, 30004
2. Jack N Zaharopoulos, Esq Standing Chapter 13 Trustee, 8125 Adams Drive, Suite A, Hummelstown, PA, 17036
3. US Bankruptcy Court, 197 S Main Street, Wilkes-Barre PA, 18701

Respectfully submitted.

Dated: March 6, 2024

*Michael E Carey* (signature)

Michael E Carey