FILED
June 24, 2024
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYVANIA
WILLIAMSPORT DIVISION

-------------------------------------------------X

| | |
|---|---|
| IN RE: | Bankruptcy Case #: **4: 23-bk-2191** |
| MICHAEL E CAREY, | Chapter 13 |
| Debtor, | Judge: MJC |
| MICHAEL E CAREY, | |
| Objecting Party/Movant, | |
| vs. | |
| TOWD POINT MORTGAGE TRUST 2020-1 US BANK NA AS INDENTURE TRUSTEE, | |
| Respondent. | |

-------------------------------------------------X

## DEBTOR/MOVANT MICHAEL E CAREY REPLY & RESPONSE OF ROBERTSON ANSHUTZ SCHNEID CRANE & PARTNERS PLLC'S RESPONSE TO OBJECTION TO PROOF OF CLAIM OF ALLEGED SECURED CREDITOR

Debtor/Movant Michael E Carey replies and responding to unreasonable meritless allegations by the alleged secured creditor Towd Point Mortgage Trust 2020-1, US Bank NA as Indenture Trustee and/or c/o Select Portfolio Servicing Inc as follow:

1. Debtor/Movant agrees to have filed the petition on 09/25/2023.
2. Debtor/Movant agrees in part that alleged secured creditor Select Portfolio Servicing Inc filed an asserted Proof of Claim which is not

1

concise, unverifiable and is in contradictions of many monthly statements the undersigned received, but more importantly in the alleged secured creditor's filing of the Proof of Claim is missing the Note Document.

3. The filing of the Proof of Claim shows an Home Equity Line of Credit Agreement, an asserted Mortgage, asserted Assignments, asserted Modification Agreement, Account Sheet, and Escrow Documents.

4. There is no existing Document specifically that reads as a Title "NOTE".

5. There is in alleged secured creditors proof of claims and titled as response a copy of ta "Alonge" which refers to a "NOTE" instrument.

6. There is in alleged secured creditors response a copy of ta "Affidavit of Lost Note" instrument.

7. The Debtor/Movant disagrees that the filing of a Proof of Claim constitutes "prima facie" evidence. That prima facie evidence becomes complete when the Note is existing and filed along with the Home Equity Loan of Credit Agreement, the Mortgage/Deed of Trust, Alonge, Endorsements, Assignments, Modification Agreement with the Court and by demand it must be produced for inspection under UCC 3-501.

8. Counsel's assertions are assumptions under (5) of their response.

9. Counsel's assertions and allegations of proof lays with the secured creditor, which wants to collect on a secured debt or enforce a debt not the debtor.

10. Debtor never signed any Note instrument, whether with Sovereign Bank, nor Santander Bank and all other successors or its alleged holder/owner Towd Point Mortgage Trust 2020-1.

2

11. The NOTE instrument does not exist.

12. A Mortgage/ Deed of Trust is a Security Instrument for a Note.

13. The Home Equity Line of Credit is an Agreement or Loan Agreement. It can be executed for all loans secured or unsecured.

14. Debtor/Movant is using "textualism" in the reading of the evidence and papers filed by the alleged secured creditor. Said "textualism" shows clearly that no document exists in the Proof of Claim titled "NOTE".

15. Santander Bank as successor in merger issued an alleged asserted unproven "Affidavit of Lost Note". Firstly before merger occurred Sovereign Bank must have issued the "Affidavit of Lost Note" not Santander and by a Merger the selling Bank must make inventory of all their assets and it was Sovereign bank's obligations to issue a "Affidavit of Lost Note" not Santander Bank. In addition, the alleged Affidavit was dated in 2019 or backdated.

16. Counsel's (7) assertions are meritless, the proof lays in the filings of the incomplete Proof of Claim with this Court. Documents do not lie. They state the Truth.

17. A secured claim is only valid if a Note exists, signed, executed. The Note is the collateral for the mortgage property. The Mortgage is the Security Instrument for the Note.

18. The Loan Agreement is not a Note, it is an agreement between two parties.

19. Counsel's assertions on number (8) are meritless number (9) is meritless in part and has merit. The Honorable Judge Convey decided to

3

move the adversary action into the main bankruptcy case. Debtor could have appealed the decision or file another adversary proceeding or file an action in US District Court.

20. A Home Equity Line of Credit is an Agreement or Loan Agreement and is not a Note, is not titled as a Note and is not a document of exchange or resale.

21. The Note is the Main Document for any Loan Agreement, any Mortgage Loan or any Home Equity Line of Credit Agreement.

22. The assertions of Counsel for (9, 10, 11, 12, 13) are meritless and need no comments.

23. The assertion of Counsel for (14, 15) are meritless statements. The Consumer Laws are very specific and Debtor's requests for the alleged secured creditors were well documented in the Notice under FDCPA and UCC. The alleged secured creditor must validate the debt and accounting of the alleged account. To this date no monthly statements were received from Select Portfolio Servicing Inc and Towd Point Mortgage Trust 2020-1 US bank NA as Indenture Trustee, nor has the Lender scheduled a date time where the original document can be inspected.

24. The assertions of Counsel under (15, 16, 17, 18, 19, 20, 21) are meritless, distracting, confusing, misleading. The Uniform Commercial Code was enacted for various reasons and has provisions for consumers.

25. The alleged secured creditor is not in possession of the NOTE. The Note does not exist. Meritless assertions under (22).

4

26. Under (23) alleged secured creditor admits not to be in possession of the NOTE.

27. The Lost Note Affidavit can only be issued by Sovereign Bank not its successors. Counsel's allegation on (24) has no merit.

28. Under (25) the assertion of Counsel states that the Note is lost, said statement is not true the Note document was never being executed, signed.

29. Counsel under (26) are unjust eying to steal illegally or legally through the Court System Houses, debtor don't seek a free house, but this debt is not a secured debt the maximum of acceptance is that the debt is treated converted as a UNSECURE DEBT, because the NOTE has never been executed or signed. It is the Lender's fault if their legal paperwork looks like a "Swiss Cheese".

30. Counsel under (27) names Lost Affidavit of Note as a Tool, Said Tool is only valid with Evidence or Proof of the Existence of A duly executed signed Note, or having a copy or a part of the original or copy of the Note or any evidentiary documentations by the original lender Sovereign Bank.

31. Counsels assertions under (28, 29, 30) are meritless; UCC 3-309 is only applicable if the document is lost not ever been executed; the mortgage is only valid if there was executed an original NOTE, which was not; the mortgage as a security instrument cannot be enforce without a duly executed signed Note. The Main Document for a Mortgage Loan or Home Equity Line of Credit Agreement is the Note. Without any existing nor ever executed signed Note the Mortgage or

5

Case 4:23-bk-02191-MJC    Doc 80    Filed 06/24/24    Entered 06/24/24 12:30:35    Desc
Main Document    Page 5 of 9

Security Instrument becomes powerless. Is like a POA (Power of Attorney being signed executed a day after a Mortgage Loan is being executed and signed the day before. If the Note exist or if there is some valid proof or evidence of a signed executed and later lost Note than it can be recovered by a Lost Note Affidavit. But that is not the case here.

32. Counsel's assertions are meritless under (31, 32, 33, 34,35); It can be enforced only with the existence and executed signed valid Note (31); Under (32) MERS can only be a party in successor if the original Mortgage names MERS as a mortgagee and that the borrower is being notified of the changes. The Assignments shows effectiveness in Assignments and a document evidencing that all parties agreed that MERS becomes a Mortgagee to the alleged Home Equity Line of Credit Agreement, MERS should be mentioned in the Note and in the Mortgage Documents. There is no document which makes MERS a Party to the Loan.

33. Counsel's assertions under (33) is meritless, the Lost Note Affidavit does not substitute a never executed, signed Note. Under (34) there is no need to comment, alleged secured creditor and its counsel demonstrated clearly with their Proof of Claim Documents filings with the Court that No Note exist, No Note was ever being executed nor signed, no copies or part of original alleged Note is beig found or being in possession of the Bank. Banks scan all Loan documents, The Note if it exists must have been scanned so where is a scanned document titled "NOTE".

Wherefore, Debtor/ Movant requests from this Court to nullify the Mortgage Document, grant Debtor/Movant's Motion to convert this Debt as a Unsecured Debt or as the Court seems just and proper.

Respectfully Submitted

Dated: June 21, 2024

*Michael E Carey* (signature)

Michael E Carey

150 Big Pine Lane

Jersey Shore, PA, 17740

570-974-1227

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYVANIA
# WILLIAMSPORT DIVISION

-----------------------------------------------X

| | |
|---|---|
| IN RE: | Bankruptcy Case #: **4: 23-bk-2191** |
| MICHAEL E CAREY, | Chapter 13 |
| Debtor, | Judge: MJC |
| MICHAEL E CAREY, | |
| Objecting Party/Movant, | |
| vs. | |
| TOWD POINT MORTGAGE TRUST 2020-1 US BANK NA AS INDENTURE TRUSTEE, | |
| Respondent. | |

-----------------------------------------------X

## CERTIFICATE OF SERVICE

I Michael E Carey mailed the foregoing Reply/Response on June 21, 2024, by USPS regular Mail to:

1. Jack N Zaharopoulos Esq, Chapter 13 Trustee, 8125 Adams Drive, Suite A, Hummelstown, PA, 17036

2. KML LAW GROUP PC, 701 Market Street, Suite 5000, Philadelphia, PA, 19106

3. Robertson Anschutz Schneid Crane & Partners, PLLC, 130 Clinton Road Lobby B, Suite 202, Fairfield, NJ, 07004

Respectfully Submitted

8

Dated: June 21, 2024

*[signature: Michael E Carey]*

Michael E Carey

150 Big Pine Lane

Jersey Shore, PA, 17740

570-974-1227