UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Michael E. Carey, | : | Case No. 4:23-bk-02191–MJC |
| | : | |
| Debtor. | : | |
| | : | |
| Michael E. Carey, | : | |
| Objecting Party | : | |
| v. | : | |
| | : | |
| Towd Point Mortgage Trust 2020-1, U.S. Bank National Association, as Indenture Trustee, | : | |
| Respondents. | : | |

## ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 3

Upon consideration of Pro Se Debtor's Objection to Proof of Claim Number 3 of Towd Point Mortgage Trust 2020-1 c/o Select Portfolio Servicing, Inc. ("Creditor"), Dkt. # 64 ("Objection"), Respondent's Answer in response thereto, Dkt. # 77, Debtor's Response to Claimant's Answer, Dkt. # 80;

**AND,** after a hearing held on August 8, 2024, at which Debtor failed to appear;

**AND**, Creditor having met its burden that Proof of Claim No. 3 should be accorded *prima facie* evidentiary effect pursuant to Fed. R. Bankr. P. 3001(f);

**AND,** once a claim is deemed to be *prima facie* valid, the burden of producing evidence to refute the claim falls upon the objector – here Debtor; *see In re Allegheny Int'l,* 954 F.2d 167, 173 (3d Cir. 1992); *In re Mayne*, 2015 WL 6459995, at *3, (Bankr. M.D. Pa. 2015); *In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013);

**AND**, Debtor having failed to establish any evidence to refute the validity of the claim;

**AND,** for the reasons stated on the record; [1]

It is hereby **ORDERED** that the Objection is **OVERRULED**.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: August 8, 2024

---

[1] The Court's findings and conclusions were stated on the record in open court pursuant to F.R.B.P. 7052.